

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. V. Rayford
County Auditor, Rusk County
Henderson, Texas

Dear Sir:

Opinion No. O-5761
Re: Whether the Commissioners'
Court of Rusk County has
the authority to pay any
amount to the Rusk County
Dairy Herd Improvement
Association for the purpose
of employing a person to
test dairy cattle.

Your letter of November 26, 1943, requesting the opinion of this department on the above stated matter reads, in part, as follows:

"Please advise me whether or not the Commissioners Court has the power to pay an amount to the Rusk County Dairy Herd Improvement Association for the purpose of hiring or assist in hiring help for Testing Dairy Cattle."

On December 20, 1943, we requested additional information concerning your opinion request. In answer to our request for additional information in your letter of December 23, 1943, you said in part:

"I quoted the order as it appears on the Minutes of the Commissioners' Court but I have requested Mr. H. D. Neal who is the County Agent here and who is familiar with the work which is now in progress to write me fully on the matter.

"I am enclosing herewith his letter and I will thank you to make it a part of my request and if you need additional information please advise me and we will try to furnish it. * * *"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The letter of the County Agent of Rusk County, addressed to the County Auditor, which is attached to your letter of December 23, 1943, is, in part, as follows:

"With reference to your inquiry pertaining to the work done by the Cow Tester, in this county beg to state that this man is working with the dairymen in this county, testing the butter fat from each individual cow in the herds, checking the feed and weighing same, checking roughage, and pasture, and thus helping the dairymen to arrive at the cows that are paying, and those that are not. Through the Dairy Herd Improving Association, affiliated with A. & M. College, and thus affiliated with the American Jersey Cattle Club in New York City, the owner is in a position to register his heifers and STAR his bull calves. The herds doing this testing will afford a source from which to supply better producing individuals, both heifers and bulls.

"It helps to eliminate the borders from the herds and certainly when feed is high and scarce, and milk is needed so badly, this is a very worth while work to be carried on, nor only now but for the building of a substantial and lasting dairy business in this county. It takes the guessing out of the business."

It is noted that you state in your letter of December 23, 1943, that "I quoted the order as it appears on the minutes of the Commissioners' Court but I have requested Mr. H. D. Neal who is the County Agent here and who is familiar with the work which is now in progress to write me fully on the matter." In connection with the foregoing statement, we want to point out that we have failed to find any order of the Commissioners' Court regarding the question under consideration. However, for the purpose of this opinion, in view of the additional facts submitted to us, we deem it unnecessary to have a copy of the order of the Commissioners' Court regarding your question.

Article 2372b, Vernon's Annotated Civil Statutes, authorizes the commissioners' court of certain counties coming

within a given population bracket, to employ dairying special-
ists to be paid an amount not to exceed a certain sum mentioned
therein, to be paid out of the funds of the said counties. Rusk
County has a population of 51,085 inhabitants, according to the
1940 Federal Census. Rusk County does not come within the popula-
tion bracket mentioned in Article 2372b, and, therefore, said
statute is not applicable to Rusk County.

Title 17 (Articles 1525a, 1525b, 1525c and 1525d), Vernon's
Annotated Penal Code, pertains to the eradication, treatment, etc.,
of contagious, infectious and communicable diseases of livestock,
domestic animals, and domestic fowls in this State. The above
mentioned statutes authorize the Livestock Sanitary Commission and
the commissioners' courts of the various counties to perform cer-
tain duties as are imposed upon them by such statutes and further
empowers the commissioners' courts to expend county funds for the
various purposes therein enumerated.

After making a careful search of the statutes, we fail to
find any statute authorizing the commissioners' court to expend
county funds for the purpose mentioned in your letter. In the
absence of such statutory authority authorizing the county com-
missioners' court to expend county funds for the purpose mentioned,
it is our opinion that the commissioners' court does not have the
legal authority to make such expenditure. Therefore, your ques-
tion, as quoted above, is respectfully answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:EP




APPROVED
OPINION
COMMITTEE
BY